1
2
3
4
5
6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

7
8
9
10
11
12

SARAH JEAN H.,

               Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

               Defendant.

CASE NO. C20-0568-MAT

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL

13
14
15
16
17
18

      Plaintiff proceeds through counsel in her appeal of a final decision of the Commissioner of the Social Security Administration (Commissioner).   The Commissioner denied plaintiff's application for Supplemental Security Income (SSI) after a hearing before an Administrative Law Judge (ALJ).   Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, this matter is REVERSED and REMANDED for further administrative proceedings.

19

**FACTS AND PROCEDURAL HISTORY**

20
21

      Plaintiff was born on XXXX, 1977.[1]   She has a GED and does not have past relevant work. (AR 29, 41.)

22

      Plaintiff applied for SSI on June 13, 2017, alleging disability beginning June 1, 2017.   (AR

23

---

[1] Dates of birth must be redacted to the year. Fed. R. Civ. P. 5.2(a)(2) and LCR 5.2(a)(1).

219-28.)  The application was denied and plaintiff timely requested a hearing.

On April 17, 2019, ALJ M.J. Adams held a hearing, taking testimony from plaintiff and a vocational expert (VE).  (AR 36-91.)  On June 24, 2019, the ALJ issued a decision finding plaintiff not disabled.  (AR 19-30.)  Plaintiff timely appealed.  The Appeals Council denied plaintiff's request for review (AR 1-5), making the ALJ's decision the final decision of the Commissioner. Plaintiff now seeks judicial review.

## JURISDICTION

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## DISCUSSION

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2000).  At step one, it must be determined whether the claimant is gainfully employed.  The ALJ found plaintiff had not engaged in substantial gainful activity since the application date.  (AR 21.)  At step two, it must be determined whether a claimant suffers from a severe impairment.  The ALJ found plaintiff's diabetes mellitus, peripheral neuropathy, degenerative disc disease of the spine, obesity, skin lesions secondary to heroin injections, major depressive disorder, anxiety disorder, and posttraumatic stress disorder severe.  (*Id*.)  Step three asks whether a claimant's impairments meet or equal a listed impairment.  The ALJ found plaintiff's impairments did not meet or equal the criteria of a listed impairment.  (AR 21-22.)

If a claimant's impairments do not meet or equal a listing, the Commissioner must assess residual functional capacity (RFC) and determine at step four whether the claimant has demonstrated an inability to perform past relevant work.  The ALJ found plaintiff capable of performing light work as defined in 20 C.F.R. § 416.967(b), except she can occasionally climb

ORDER
PAGE - 2

ramps or stairs, but never climb ladders, ropes, or scaffolds; can frequently balance and occasionally stoop, kneel, crouch, and crawl; and should avoid concentrated exposure to extreme cold or heat, vibrations, and hazardous machinery or working at unprotected heights.  Further, she can understand, remember, and carry out simple instructions and make judgments commensurate with the functions of unskilled work, i.e. work which needs little or no judgment to do simple duties and a person can usually learn to do the job in thirty days, with little specific vocational preparation and judgment needed; can respond appropriately to supervision, but should not be required to work in close coordination with coworkers where teamwork is required; and can deal with occasional changes in the work environment and work in jobs that require only casual interaction or contact with the general public.  (AR 23.)

If a claimant demonstrates an inability to perform past relevant work or has no past relevant work, the burden shifts to the Commissioner to demonstrate at step five that the claimant retains the capacity to make an adjustment to work that exists in significant levels in the national economy. Because plaintiff had no past relevant work, the ALJ proceeded to step five.  With the assistance of the VE, the ALJ found plaintiff capable of performing other jobs, such as housekeeper, marker, and small products assembler.  (AR 29.)

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings supported by substantial evidence in the record as a whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993).  Substantial evidence means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989).  If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold that decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir.

1  2002).

2    Plaintiff argues the ALJ erred in assessing certain medical opinion evidence. The

3  Commissioner argues that the ALJ's decision is supported by substantial evidence and that any

4  error was harmless.

5  <u>Medical Opinion Evidence</u>

6    Because plaintiff applied for benefits after March 27, 2017, new regulations apply to the

7  ALJ's evaluation of medical opinion evidence.  Under the regulations, an ALJ "will not defer or

8  give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or

9  prior administrative medical finding(s)[.]"  20 C.F.R. §§ 404.1520c(a), 416.920c(a).[2]  The ALJ

10  must articulate and explain the persuasiveness of an opinion or prior finding based on

11  "supportability" and "consistency," the two most important factors in the evaluation.  *Id*. at (a),

12  (b)(1)-(2).  The "more relevant the objective medical evidence and supporting explanations

13  presented" and the "more consistent" with evidence from other sources, the more persuasive a

14  medical opinion or prior finding.  *Id*. at (c)(1)-(2).  The ALJ may but is not required to explain

15  how other factors were considered, as appropriate, including relationship with the claimant (length,

16  purpose, and extent of treatment relationship; frequency of examination); whether there is an

17  examining relationship; specialization; and other factors, such as familiarity with other evidence

18  in the claim file or understanding of the Social Security disability program's policies and

19  evidentiary requirements.  *Id*. at (b)(2), (c)(3)-(5).  *But see id*. at (b)(3) (where finding two or more

20  opinions/findings about same issue equally supported and consistent with the record, but not

21

22     [2] "A prior administrative medical finding is a finding, other than the ultimate determination about

23  [disability], about a medical issue made by our Federal and State agency medical and psychological
consultants at a prior level of review . . . in [a] claim based on their review of the evidence in your case
record[.]"  20 C.F.R. §§ 404.1513(a)(5), 416.913(a)(5).

ORDER
PAGE - 4

1    exactly the same, ALJ will articulate how other factors were considered).  Where a single medical

2    source provides multiple opinions or findings, the ALJ conducts a single analysis and need not

3    articulate how each opinion or finding is considered individually.  *Id*. at (b)(1).

4    A.      Judith Tsui M.D.

5           Dr. Judith Tsui treated plaintiff for a "non-healing skin graft on the left leg … an open

6    wound which is prone to infection."  (AR 1648.)  Dr. Tsui also treated plaintiff for neuropathy and

7    back pain.  She completed a Medical Source Statement limiting plaintiff to sitting no more than

8    thirty to forty-five minutes at a time, for a total of no more than three hours in an eight-hour

9    workday; standing no more than twenty to thirty minutes without interruption, for a total of one

10   hour in an eight-hour workday; and lifting and carrying no more than five pounds occasionally,

11   less than one or two pounds frequently.  Dr. Tsui opined plaintiff should elevate her legs for an

12   hour or more during an eight-hour workday due to "lower extremity edema, pain and non-healing

13   skin graft on her left leg", and needed to lie down during an eight-hour workday due to "back pain

14   and left leg pain." (AR 1649-50.)  She opined plaintiff would expect significant variations in her

15   ability to sustain a consistent level of functioning from day to day, resulting in absences from work

16   averaging two days per month.  (AR 1650.)

17          Characterizing Dr. Tsui's opinions as "wholly unpersuasive", the ALJ did not adopt the

18   recommended limitations.  (AR 27.)  Specifically, the ALJ held plaintiff had shown herself to be

19   "more capable than the doctor suggests" by, for example, walking and caring for her dog and

20   climbing three flights of stairs to get to her apartment on a daily basis.  The ALJ found Dr. Tsui's

21   limitations inconsistent with the recommendation of plaintiff's mental health practitioner, Camille

22   Iorio, MSW, LSWAIC, to take her dog for a walk, go to the pool, and go to the dog park.  (AR

23   1652-53.)  The ALJ cited plaintiff's occasional failure to change her dressing daily as evidence

ORDER
PAGE - 5

1  she was not compliant in wound care and characterized the "slightly" abnormal gait evidenced by

2  plaintiff as inconsistent with Dr. Tsui's opinion.  (AR 27.)

3        Finding Dr. Tsui's explanation for her opinion "less than adequate", the ALJ simply

4  rejected the opinion in its entirety instead of seeking clarification or further information.

5  "Ambiguous evidence, or the ALJ's own finding that the record is inadequate to allow for proper

6  evaluation of the evidence, triggers the ALJ's duty to 'conduct an appropriate inquiry.'"

7  *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001) (internal quotation marks and quoted

8  sources omitted).  Evidence submitted post-decision in the form of a supplemental report from Dr.

9  Tsui does provide further detail in support of her opinions.  (AR 7-10.)  Viewing this additional

10  evidence together with the reasons given by the ALJ for rejecting Dr. Tsui's opinions, the Court

11  finds this portion of the decision to lack the support of substantial evidence.  There is no medical

12  evidence of record supporting the conclusion that activities such as plaintiff's compliance with the

13  suggestions of her mental health provider to engage in minimal activities, such as dog walking,

14  going to the pool, and climbing three floors to get to her apartment, or her occasional failure to

15  change the dressing on her wound undermine Dr. Tsui's opinions about the functional limitations

16  caused by plaintiff's impairments.  On remand, the ALJ should reconsider Dr. Tsui's opinions and

17  provide legally sufficient reasons for the weight assigned.

18  B.    <u>Gary Gaffield, D.O.</u>

19        Plaintiff challenges the ALJ's consideration of the opinion of consulting physician, Gary

20  Gaffield, D.O., that plaintiff was limited to standing or walking no more than two hours in an

21  eight-hour workday.  (AR 1124-30.)  The ALJ found the opinion "unpersuasive because it is

22  inconsistent with his contemporaneous exam as a whole", citing plaintiff's "only somewhat

23  reduced" left lower extremity strength, the inconsistency of the restriction with plaintiff's dog

ORDER
PAGE - 6

walking activity, and "only a slightly abnormal gait" on examination.  (AR 27.)  The Court finds the ALJ's reasoning deficient for reasons similar to those stated in relation to Dr. Tsui.  Dr. Gaffield imposed the stated restriction on walking "due to the abscess of the left calf."  (AR 1129.)  As Dr. Tsui explained, the basis for restricting plaintiff's movement is the effect of that movement on re-opening the wound and preventing healing.  (AR 8-9.)  The ALJ assumed, without any medical justification, that a lack of reduced lower extremity strength or abnormal gait would be contraindicative of this condition.  On remand, the ALJ should re-evaluate Dr. Gaffield's opinion in light of all of the medical evidence of record.

C.      Michael Clark, M.D.

Consulting psychiatrist Michael Clark, M.D., assessed plaintiff as having functional limitations in her ability to perform work activities on a consistent basis without special or additional instructions, interacting with co-workers and the public, maintaining regular attendance and completing a normal workday and week without interruptions "due to the psychiatric condition" and difficulty dealing with the usual stress encountered in the workplace.  (AR 1117-22.)  The ALJ found these opinions "broad" and "vague" with no supporting explanation other than a cursory note of difficulties in mental functioning.  (AR 28.)

The Court does not find error in the ALJ's consideration of Dr. Clark's opinions.  While the psychiatrist did note plaintiff's distraction and nervousness during the examination, as well as occasional tearfulness, he assessed her condition as "treatable", with a "good prognosis", and her ability to perform simple and repetitive tasks, briefly perform complex tasks, and to accept instructions from supervisors. (AR 1121-22.)  Plaintiff fails to show the RFC does not adequately address these concerns by limiting plaintiff to work with simple duties and instructions, with little specific vocational preparation and judgment, not working in close coordination with co-workers,

only occasional changes in the environment, and only casual interaction or contact with the general public.  (AR 23.)

Remedy

The Court has discretion to remand for further proceedings or to award benefits.  *See Marcia v. Sullivan*, 900 F.2d 172, 176 (9th Cir. 1990).  However, a remand for an immediate award of benefits is an "extreme remedy," appropriate "only in 'rare circumstances.'"  *Brown-Hunter v. Colvin*, 806 F.3d 487, 495 (9th Cir. 2015) (quoting *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014)).  *Accord Leon v. Berryhill*, 880 F.3d 1044, 1045 (9th Cir. 2017) ("An automatic award of benefits in a disability benefits case is a rare and prophylactic exception to the well-established ordinary remand rule.")

To remand for an award of benefits, the Court must find:  (1) the ALJ failed to provide legally sufficient reasons for rejecting evidence; (2) that the record has been fully developed and further administrative proceedings would serve no useful purpose, a determination that includes consideration of whether any outstanding issues must be resolved before determining disability; and (3) that, if improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.  *Brown-Hunter*, 806 F.3d at 495; *Treichler*, 775 F.3d at 1105; and *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014).  Even with satisfaction of the three requirements, the Court retains flexibility in determining the proper remedy and may remand for further proceedings where, considering the record as a whole, serious doubt remains as to whether a claimant is, in fact, disabled.  *Brown-Hunter*, 806 F.3d at 495.

The Court finds remand for further proceedings the appropriate remedy.  The ALJ, not the Court, is responsible for assessing the medical evidence and resolving any conflicts or ambiguities in the record.  *See Treichler*, 775 F.3d at 1098; *Carmickle v. Comm'r of SSA*, 533 F.3d 1155, 1164

ORDER
PAGE - 8

(9th Cir. 2008).  On remand, the ALJ should reconsider the opinions of Dr. Tsui and Dr. Gaffield, including the post-decision evidence, and provide legally sufficient reasons for the weight assigned the opinions.

## **CONCLUSION**

For the reasons set forth above, the Commissioner's decision is REVERSED and this matter is REMANDED for further administrative proceedings.

DATED this 3rd day of March, 2021.

Mary Alice Theiler
United States Magistrate Judge

ORDER
PAGE - 9